# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-4318

_____

Richard Symens; Joyce Symens,　　　*
husband and wife,　　　　　　　　　*
　　　　　　　　　　　　　　　　　*
　　　　　　Appellants,　　　　　　*
　　　　　　　　　　　　　　　　　*
　　　　v.　　　　　　　　　　　　*
　　　　　　　　　　　　　　　　　*
Smithkline Beecham Corporation, a　*
Pennsylvania Corporation,　　　　　*
　　　　　　　　　　　　　　　　　*　Appeals from the United States
　　　　　　Appellee,　　　　　　　*　District Court for the
　　　　　　　　　　　　　　　　　*　District of South Dakota.
-------------------　　　　　　　　*
　　　　　　　　　　　　　　　　　*　　　**[UNPUBLISHED]**
Ivan Sjovall, doing business as Sjovall　*
Feedyard,　　　　　　　　　　　　*
　　　　　　　　　　　　　　　　　*
　　　　　　Appellant,　　　　　　　*
　　　　　　　　　　　　　　　　　*
　　　　v.　　　　　　　　　　　　*
　　　　　　　　　　　　　　　　　*
Smithkline Beecham Corporation,　　*
a Pennsylvania Corporation,　　　　　*
　　　　　　　　　　　　　　　　　*
　　　　　　Appellee.　　　　　　　*

_____

No. 00-1472

_____

Norman Schick; Carol Schick,　　　*

```
                                              *
               Appellants,                    *
                                              *
        v.                                    *
                                              *
Smithkline Beecham Corporation,               *
a Pennsylvania Corporation,                   *
                                              *
               Appellee.                      *
```

                    _____

               Submitted:  March 15, 2001
                   Filed:  March 19, 2001
                    _____

Before BOWMAN, BEAM, and LOKEN, Circuit Judges.
                    _____

PER CURIAM.

        In 1994 plaintiffs[1] each filed complaints against Smithkline Beecham
Corporation (SBC), alleging that their cattle became sick after being vaccinated with
three bovine vaccines manufactured by SBC. Plaintiffs asserted state law claims for
strict liability, breaches of the implied warranties of merchantability and fitness, false
advertising and promotion, failure to warn, and fraud on the licensing agency. In an
interlocutory appeal from the district court's[2] denial of SBC's motion for summary
judgment, we reversed and remanded, holding that the Virus-Serum-Toxin Act
(VSTA), 21 U.S.C. §§ 151-159, as construed by the Animal and Plant Health
Inspection Service (APHIS), preempted plaintiffs' claims to the extent they relied upon
liability-creating premises different from or in addition to those created by VSTA. See

---

[1]Plaintiffs' separate appeals have been consolidated for disposition.

[2]The HONORABLE CHARLES B. KORMANN, United States District Judge
for the District of South Dakota.

-2-

<u>Symens v. SmithKline Beecham Corp.</u>, 152 F.3d 1050, 1054-56 (8th Cir. 1998). We remanded the case to the district court to determine, by a comparison of plaintiffs' substantive state law claims and federal requirements, whether the claims fell within VSTA's preemptive scope. On remand, the district court[3] granted SBC's renewed motion for summary judgment, finding that all but one of plaintiffs' claims were preempted because they imposed additional or different requirements than those imposed by federal regulations. The court found that the remaining claim, while not preempted, failed for lack of evidence creating any genuine issue of material fact.

Upon a careful review of the record and the parties' submissions, we conclude that the district court faithfully carried out our mandate in <u>Symens</u> to analyze the claims, and that summary judgment was properly granted. Plaintiffs have provided no persuasive reason why the grant of summary judgment should be reversed. <u>See</u> Fed. R. Civ. P. 56(e).

Accordingly, we affirm. <u>See</u> 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[3]The HONORABLE RICHARD H. BATTEY, United States District Judge for the District of South Dakota.